This Wunderlich case comes before the court on the parties’ cross-motions for summary judgment. Plaintiff, Hoffman Construction Company, is a prime contractor under a competitively bid fixed price construction contract with the General Services Administration. Plaintiff claims entitlement to an equitable adjustment in the contract price for the installation of service outlet fittings. The General Services Administration Board of Contract Appeals (Board) rejected plaintiffs claim and plaintiff here appeals. Only the question of entitlement is presently before this court, the parties having stipulated to leave the question of quantum for further proceedings.
*773 Plaintiff contends: (1) that the contract was unambiguous in its requirement for the installation of 18 service outlet fittings; (2) alternatively, that because the contract was ambiguous, the plaintiff should prevail under the doctrine of contra proferentem; and (3) that the Board erred in not considering either the testimony of competing bidders or a GSA interpretation in a separate and distinct instance which was favorable to the plaintiff.
The Government maintains that the Board correctly found the plaintiffs interpretation to be strained and unreasonable; and therefore, the Board’s refusal to apply the doctrine of contra proferentem was proper. The Government insists that the plaintiff has failed to give the ordinary meaning and construction to the disputed provisions and that the contract is unambiguous in its requirement for the installation of approximately 2,510 service outlet fittings.
We hold that there were sufficient inconsistencies here to create ambiguity in the mind of a reasonable bidder. However, notwithstanding this ambiguity, and considering all the evidence presented by this record, we find that plaintiff failed to satisfy its duty to seek a timely clarification and hold for the Government.
Plaintiff Hoffman entered into its contract to build the Federal Building in Portland, Oregon on December 6,1972. In the summer of 1974, this dispute arose as to the number of service outlet fittings to be installed under the terms of the contract.
The Electrical Division, Section 16505, Paragraph 68, Subparagraph 68.07(a) specified the furnishing and installation of approximately 2,510 fittings with approximately 200 fittings to be provided as spares. Fittings were to be installed in accordance with drawings or at the direction of the contracting officer. Subparagraph 68.07(b) required the installation of 18 service outlet fittings to be installed as directed by the contracting officer for demonstration purposes for a training program. All remaining fittings were to be packaged and delivered to the contracting officer for future use.
Plaintiff interpreted Subparagraph (b) as reducing the number of required installations from 2,510 to 18. Plaintiff *774 testified that it was common practice for the Government to require fittings to be turned over to the Government for installation by others under a separate contract or by the Government itself. Two competing bidders testified that their bids reflected this understanding. Additionally, plaintiffs electrical subcontractor, Howard Electrical Company, had been party to a previous contract in which similar language was construed by the GSA to reduce the number of electrical installations. These factors were sufficient to produce ambiguity as to the number of installed fittings required by the contract.
In its cross-motion for summary judgment, the Government insists that Subparagraphs 68.07(a) and (b) are not mutually exclusive but must be read as a harmonious whole. The Government argues that the training program specified in (b) refers to the instruction program for maintenance personnel, and that the contract clearly calls for a complete electrical system.
Generally, where ambiguous contract language could result in two or more reasonable interpretations, the language will be construed against the author; but where the ambiguity or discrepancy is patently obvious, the contractor is obligated to.consult the Government’s representative prior to bidding if he intends to rely on his interpretation in the future. If he fails so to do, the Government’s interpretation will prevail. Space Corp. v. United States, 200 Ct. Cl. 1, 6, 470 F.2d 536, 539 (1972).
Plaintiff here cannot argue that the discrepancy was so subtle as to be unrecognizable. The disputed provisions followed one upon the other sequentially. Certainly there is a glaring difference between 2,510 and 18 installations. The only reasonable conduct for the contractor under the circumstances of this case would have been to inquire before the submission of the bid. He failed so to do.
Accordingly, plaintiffs motion for summary judgment is denied. Defendant’s motion for summary judgment is granted. The petition is dismissed.
Plaintiffs motion to alter judgment and suggestion for rehearing en banc were denied October 2,1981.